**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **TRACY WOOTEN,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No.: 2:07-cv-701-WKW |
| ) | |
| **PAGE WALLEY, Commissioner** ) | |
| **of the Alabama Department of** ) | |
| **Human Resources, in his official** ) | |
| **capacity,** ) | |
| ) | |
|     **Defendant.** ) | |

**MOTION TO DISMISS**

COMES NOW defendant Page Walley, Commissioner of the Alabama Department of Human Resources, in his official capacity and moves this Honorable Court to dismiss the complaint in this action on the ground that Plaintiff's claims against defendant Page Walley in his official capacity are barred by the Eleventh Amendment.

1. The Eleventh Amendment to the Constitution of the United States provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State." U.S.CONST. Am. XI. The Amendment also applies to suits in federal court against a state by its own citizens. *See Hans v. Louisiana*, 134 U.S. 1, 18-19, 10 S.Ct. 504, 33 L.Ed. 842 (1890). The protection provided to states by the Eleventh Amendment has been extended to protect state entities, *see Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) ("suit in which the State or one of its agencies or departments is

1

named as defendant is proscribed by the Eleventh Amendment…regardless of the relief sought"), and state officials in their official capacities, *see Kentucky v. Graham*, 473 U.S. 159, 166-167, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Essentially, the Eleventh Amendment creates a sovereign immunity for suit in federal court which the states enjoy unless it has been surrendered. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 266-267, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997) "[A]n assertion of Eleventh Amendment immunity must be resolved before a court may address the merits of the underlying claims." *Seaborne v. State of Florida Department of Corrections*, 143 F.3d 1405 (11th Cir. 1998).

2.   To ascertain whether an entity is an arm of the state, the Court must examine state law. *Brown v. East Central Health District*, 752 F.2d 615, 617 (11th Cir. 1985). By statute, the state and county Departments of Human Resources have sovereign immunity. ALA.CODE § 38-2-8 (1975); *Mitchell v. Davis*, 598 So.2d 801 (Ala. 1992) ("DHR and the BCDHR [Barbour County DHR], as State agencies, can assert the defense of absolute immunity from suit.").

3.   The Eleventh Amendment to the United States Constitution bars a suit against state officials when "the state is the real, substantial party in interest." *Ford Motor Company v. Department of Treasury (Ind.)*, 323 U.S. 459, 464, 469, 65 S.Ct. 347, 89 L.Ed. 389 (1945). Thus, "[t]he general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." *Hawaii v. Gordon*, 373 U.S. 57, 58, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963). Individuals are considered to be arms of the state where they act in their official capacities. *Louisiana Land & Exploration Co. v. State Mineral Board*, 229 F.2d 5 (5th Cir. 1956).

4.  In dismissing claims brought against Department of Human Resources employees in their official capacities, in *Ross v. State of Alabama*, 893 F.Supp. 1545 (M.D.Ala. 1995), the court stated the principle of law as follows:

> Likewise, the court finds that the plaintiffs may not seek monetary relief from Jones and Parsons in their official capacities. In *Carr*, the Court of Appeals for the Eleventh Circuit held that "[l]awsuits against a state official in his or her official capacity are suits against the state when 'the state is the real substantial party in interest.'" 916 F.2d at 1524 (quoting *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984)). When a plaintiff seeks monetary relief from a state employee in his or her official capacity, as here, "the state is considered the real party in interest because an award of damages would be paid by the state." *Id.* (citation omitted). Based on the foregoing authority, the court finds that the § 1983 claims asserted against the Houston County DHR and Jones and Parsons in their official capacities are due to be dismissed.

*Ross*, 893 F.Supp. at 1550 (footnotes omitted).

5.  In this case, the Plaintiff has sued defendant Page Walley in his official capacity as Commissioner of Alabama Department of Human Resources. In the factual allegations outlined in her complaint, however, Plaintiff repeatedly refers to the Alabama Department of Human Resources, a State government agency. Plaintiff made no allegations against defendant Page Walley. Although defendant Page Walley in his official capacity is named in the style of the case, the Alabama Department of Human Resources is the real, substantial party in interest. Thus, the Eleventh Amendment to the United States Constitution bars this suit.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, defendant Walley respectfully requests that this Court:

(a) dismiss Plaintiff's complaint in its entirety; and,

(b)  grant such other, further, and different relief as this Court may deem proper.

RESPECTFULLY SUBMITTED,

TROY KING
ATTORNEY GENERAL

SHARON E. FICQUETTE
ASSISTANT ATTORNEY GENERAL
STATE OF ALABAMA


s/ Jennifer M. Bush_____
JENNIFER M. BUSH (BUS016)
Assistant Attorney General

State of Alabama
Department of Human Resources
P.O. Box 304000
Montgomery, Alabama  36130-4000
Phone:  (334) 242-9330
Fax:  (334) 242-0689

ATTORNEYS FOR PAGE WALLEY

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Keith Anderson Nelms
847 South McDonough Street
Montgomery, AL 36104

    s/ Jennifer M. Bush_____
    JENNIFER M. BUSH (BUS016)
    Assistant Attorney General

    State of Alabama
    Department of Human Resources
    P.O. Box 304000
    Montgomery, Alabama  36130-4000
    Phone:  (334) 242-9330
    Fax:  (334) 242-0689

    ATTORNEY FOR PAGE WALLEY