## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| TRACY WOOTEN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No.:  2:07-cv-00701-WKW** |
| | ) | |
| PAGE WALLEY, Commissioner of the | ) | |
| Alabama Department of Human | ) | **PLAINTIFF DEMANDS TRIAL BY JURY** |
| Resources, in both his individual and | ) | |
| official capacities, | ) | |
| | ) | |
| **Defendant.** | ) | |

## FIRST AMENDED COMPLAINT

COMES NOW Plaintiff, by and through her attorney of record, and would show unto the Court as follows:

### JURISDICTION AND VENUE

1.     Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by virtue of the Fourteenth Amendment to the Constitution of the United States, 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983 *et seq.*  Plaintiff further alleges this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2.     The violations of Plaintiff's rights as alleged herein occurred in Montgomery County, Alabama, and were committed within the Northern Division of the Middle District of the State of Alabama.

### PARTIES

3.     Tracy Wooten (hereinafter, "Plaintiff") is over the age of 19, is a citizen of the United States and of the State of Alabama, and at all times material hereto was a resident of Elmore County, Alabama.

4.      Plaintiff is informed and believes, and thereon alleges, that Defendant, Commissioner Page

Walley (hereinafter, "Walley"), is and at all times mentioned herein was sitting and acting

as the Commissioner of the Alabama Department of Human Resources (hereinafter,

"ADHR").    As Commissioner of the ADHR, Walley is part of the governing body

responsible for the decisions of the ADHR.  Walley is being sued in his official capacity for

present and prospective injunctive relief and in his individual capacity for money damages.


## NATURE OF PROCEEDINGS

5.      In 2005 and 2006, for reasons unknown and unexplained, Walley intercepted Plaintiff's

federal and state income tax refunds.  However, Walley failed to provide Plaintiff with

prior notice and an opportunity to object and/or challenge said interception.  This

Complaint seeks:

   a)      present and prospective injunctive relief to prevent Defendant Walley from

            continuing to violate Plaintiff's rights;

   b)      a declaratory judgment as to Plaintiff's rights;

   c)      restitution to Plaintiff of all rights, benefits, and proceeds that would have been

            received by Plaintiff but for Walley's unlawful acts; and

   d)      compensatory and punitive damages for the wrongs alleged herein.

6.      As commissioner of the ADHR, Walley is required to implement procedures and / or

policies to prevent violations of Plaintiff's and other citizen's rights.  However, Walley

has failed and / or refused to do so and as a result has denied Plaintiff her rights under the

laws of the United States of America and those of the State of Alabama.  Plaintiff further

avers that such actions denied Plaintiff her right to due process of law.

7.    As a proximate result of the illegal actions alleged above, Plaintiff has been damaged in that she has been deprived of her property.

8.    As a direct and proximate result of the aforesaid acts of Walley, Plaintiff has suffered loss of her property, loss of use and enjoyment of her property, great mental anguish from then until now, will continue to suffer in the future, and has been greatly humiliated.

### FACTUAL ALLEGATIONS

9.    Plaintiff restates and reiterates herein all previous paragraphs.

10.   In 1997, Tracy married her husband, Rodney Wooten.

11.   In 1994, Rodney Wooten divorced Marcia Conner with whom he had a daughter, KW.

12.   As a result of Rodney's divorce, he was ordered to pay child support for KW.  Rodney has fully complied with this Order.

13.   However, Tracy's federal and state income tax returns were intercepted by Walley.  These refunds were intercepted by Walley for the purpose of satisfying Rodney's alleged child support arrearage.

14.   Tracy did not receive prior notice from Walley, the State of Alabama Department of Revenue, or the Internal Revenue Service that her tax returns were going to be intercepted.

15.   Tracy contacted the Walley's office several times in an attempt to either obtain her income tax refunds or to be given an administrative hearing to protest these interceptions.

16.   Tracy was told by Walley's office that she would have to contact both the State of Alabama Department of Revenue and the Internal Revenue Service in order to protest these interceptions.

17.    However, both the State of Alabama Department of Revenue and the Internal Revenue

Service advised Tracy that she would have to contact Walley's office in order to protest

these interceptions.

18.    Tracy unsuccessfully exhausted any and all avenues to obtain her income tax refunds

including contacting Walley's office, the ADHR, the State of Alabama Department of

Revenue, and the Internal Revenue Service.

### COUNT I
### (Violation of Civil Rights under 42 U.S.C. § 1983 by and through the Fifth Amendment)

19.    Plaintiff restates and reiterates herein all previous paragraphs.

20.    Plaintiff's income tax refunds are recognized as property under the laws of the State of

Alabama and of the United States of America.  Such property may not be taken for public

use without just compensation.

21.    Walley has failed and refused, and continues to fail and refuse, to pay Plaintiff just

compensation for the taking of her income tax refunds, all in violation of the Fifth

Amendment to the United States Constitution which provides, in part: "[N]or shall

private property be taken for public use, without just compensation."  U.S. Const.

Amend. V.

22.    Plaintiff alleges that the action of Walley in intercepting her income tax refunds

constitutes a taking of property and is contrary to the Fifth Amendment to the United

States Constitution.

23.    As a direct and proximate result of the unlawful taking of her income tax refunds without

just compensation, Plaintiff has been required to and has retained the services of counsel

to prosecute this action. Plaintiff has and will incur attorney's fees, costs, and expenses of litigation in an amount as yet to be ascertained but which is recoverable pursuant to the provisions of 42 U.S.C. § 1983.

## COUNT II
### (Denial of Due Process - As Applied - 42 U.S.C. § 1983
### and Violation of the Fourteenth Amendment)

24.    Plaintiff restates and reiterates herein all previous paragraphs.

25.    Plaintiff's income tax refunds are recognized as property under the laws of the State of Alabama and of the United States of America. Plaintiff shall not be deprived of such property without due process of law.

26.    The actions and inactions of Walley as alleged herein constitute a denial of Plaintiff's procedural and substantive due process rights under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

27.    Walley has failed and refused, and continues to fail and refuse, Plaintiff's request to provide her with an administrative proceeding through which Plaintiff can challenge Walley's deprivation of her property. The Due Process Clause of the Fourteenth Amendment contains the general prohibition that no state shall deprive any person of life, liberty or property without due process of law.

28.    As a direct and proximate result of the acts of Walley, Plaintiff has been damaged in an amount as yet to be ascertained.

29.    As a direct and proximate result of Walley's deprivation of Plaintiff's income tax refunds without a hearing to challenge the taking, Plaintiff has been required to and have retained

the services of counsel to prosecute this action.  Plaintiff has and will incur attorney's

fees, costs, and expenses of litigation in an amount as yet to be ascertained.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Walley as follows:

a)      As against Walley in his official capacity, Plaintiff prays that the Court will grant

present and prospective injunctive relief to prohibit Walley's acts, which are

unlawful and violative of Plaintiff's and other individual's rights, as complained

of herein;

b)      Plaintiff prays that the Court will enter a declaratory judgment that the practices

complained of herein are unlawful and violative of her rights;

c)      Plaintiff prays that the Court will Order modification or elimination of practices,

policies, customs, and usages set forth herein and all other such practices shown

to be in violation of law that they violate constitutional rights;

d)      As against Walley in his individual capacity, Plaintiff demands compensatory and

punitive damages as to claims cognizable under the provisions of 42 U.S.C. §

1983;

e)      Plaintiff prays that the Court will grant her the cost of this action including

reasonable attorney's fees; and

f)      Plaintiff prays that the Court will grant to her such other, further and different

relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED on this the 7th day of September, 2007.

**PLAINTIFF DEMANDS TRIAL BY JURY**

/s/ Andy Nelms

Keith Anderson Nelms

Attorney for Plaintiff

LAW OFFICES OF JAY LEWIS, LLC

847 So. McDonough Street, Ste 100

Montgomery, AL 36104

334-263-7733 (voice)

334-832-4390 (fax)

andynelms@jaylewislaw.com

ASB-6972-E63K

**OF COUNSEL:**

**THE LAW OFFICES OF JAY LEWIS, LLC**

847 S. McDonough Street

Montgomery, AL 36104

(334) 263-7733

Fax: (334) 832-4390

andynelms@jaylewislaw.com

nelmsandy@hotmail.com

**PLEASE SERVE DEFENDANT(s) AT THE FOLLOWING ADDRESS BY CERTIFIED MAIL:**

Page Walley - Commissioner

State of Alabama

Department of Human Resources

Montgomery County Office

3030 Mobile Hwy

Montgomery, Alabama 36125-0407