**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **TRACY WOOTEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 2:07-cv-00701-WKW** |
| | ) | |
| **PAGE WALLEY, Commissioner** | ) | |
| **of the Alabama Department of** | ) | |
| **Human Resources, in both his** | ) | |
| **individual and official capacities,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER TO FIRST AMENDED COMPLAINT

COMES NOW defendant Page Walley, individually and in his official capacity as Commissioner of the State of Alabama Department of Human Resources, by and through his undersigned counsel, and answers Plaintiff's First Amended Complaint as follows:

1.      Defendant denies each and every allegation contained in ¶ 1 of Plaintiff's First Amended Complaint and demands strict proof thereof.

2.      Defendant denies each and every allegation contained in ¶ 2 of Plaintiff's First Amended Complaint and demands strict proof thereof.

3.      Defendant is without sufficient information to admit or deny the allegations of ¶ 3 of Plaintiff's First Amended Complaint and so denies those allegations and demands strict proof thereof.

4.      Defendant admits that Defendant Page Walley is the Commissioner of the Alabama Department of Human Resources (DHR) sued in his official capacity.

Defendant denies the remaining allegations of ¶ 4 of Plaintiff's First Amended Complaint and demands strict proof thereof.

5.      Defendant denies each and every allegation contained in ¶ 5 of Plaintiff's First Amended Complaint and demands strict proof thereof.

6.      Defendant denies each and every allegation contained in ¶ 6 of Plaintiff's First Amended Complaint and demands strict proof thereof.

7.      Defendant denies each and every allegation contained in ¶ 7 of Plaintiff's First Amended Complaint and demands strict proof thereof.

8.      Defendant denies each and every allegation contained in ¶ 8 of Plaintiff's First Amended Complaint and demands strict proof thereof.

9.      Defendant denies each and every allegation contained in ¶ 9 of Plaintiff's First Amended Complaint and demands strict proof thereof.

10.     Defendant is without sufficient information to admit or deny the allegations of ¶ 10 of Plaintiff's First Amended Complaint and so denies those allegations and demands strict proof thereof.

11.     Defendant admits that in 1994 Rodney Wooten divorced Marcia Conner with whom he had a daughter, K.W.

12.     Defendant admits that as a result of Rodney's divorce, he was ordered to pay child support for K.W.  Defendant denies the remaining allegations of ¶ 12 of Plaintiff's First Amended Complaint and demands strict proof thereof.

13.     Defendant denies each and every allegation contained in ¶ 13 of Plaintiff's First Amended Complaint and demands strict proof thereof.

14.    Defendant denies each and every allegation contained in ¶ 14 of Plaintiff's First Amended Complaint and demands strict proof thereof.

15.    Defendant denies each and every allegation contained in ¶ 15 of Plaintiff's First Amended Complaint and demands strict proof thereof.

16.    Defendant denies each and every allegation contained in ¶ 16 of Plaintiff's First Amended Complaint and demands strict proof thereof.

17.    Defendant denies each and every allegation contained in ¶ 17 of Plaintiff's First Amended Complaint and demands strict proof thereof.

18.    Defendant denies each and every allegation contained in ¶ 18 of Plaintiff's First Amended Complaint and demands strict proof thereof.

19.    Defendant denies each and every allegation contained in ¶ 19 of Plaintiff's First Amended Complaint and demands strict proof thereof.

20.    Defendant denies each and every allegation contained in ¶ 20 of Plaintiff's First Amended Complaint and demands strict proof thereof.

21.    Defendant denies each and every allegation contained in ¶ 21 of Plaintiff's First Amended Complaint and demands strict proof thereof.

22.    Defendant denies each and every allegation contained in ¶ 22 of Plaintiff's First Amended Complaint and demands strict proof thereof.

23.    Defendant denies each and every allegation contained in ¶ 23 of Plaintiff's First Amended Complaint and demands strict proof thereof.

24.    Defendant denies each and every allegation contained in ¶ 24 of Plaintiff's First Amended Complaint and demands strict proof thereof.

25.    Defendant denies each and every allegation contained in ¶ 25 of Plaintiff's First Amended Complaint and demands strict proof thereof.

26.    Defendant denies each and every allegation contained in ¶ 26 of Plaintiff's First Amended Complaint and demands strict proof thereof.

27.    Defendant denies each and every allegation contained in ¶ 27 of Plaintiff's First Amended Complaint and demands strict proof thereof.

28.    Defendant denies each and every allegation contained in ¶ 28 of Plaintiff's First Amended Complaint and demands strict proof thereof.

29.    Defendant denies each and every allegation contained in ¶ 29 of Plaintiff's First Amended Complaint and demands strict proof thereof.

## <u>AFFIRMATIVE DEFENSES</u>

Further answering, and/or by way of affirmative defenses, Defendant show as follows:

### <u>FIRST AFFIRMATIVE DEFENSE</u>

Plaintiff is without standing to pursue her claims.

### <u>SECOND AFFIRMATIVE DEFENSE</u>

Defendant is immune from all claims due to sovereign immunity.

### <u>THIRD AFFIRMATIVE DEFENSE</u>

No cause of action exists for state declaratory or injunctive relief against Defendant.

### <u>FOURTH AFFIRMATIVE DEFENSE</u>

Plaintiff is entitled to no relief in the premises.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has alleged no justiciable controversy.

## SIXTH AFFIRMATIVE DEFENSE

This Court is without subject-matter jurisdiction of the matters and things alleged in Plaintiff's First Amended Complaint.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant acted at all times material hereto within the line and scope of his employment and authority.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant states that at all times material hereto he acted in good faith.

## NINTH AFFIRMATIVE DEFENSE

Defendant states that at all times material hereto he was entitled to qualified immunity.

## TENTH AFFIRMATIVE DEFENSE

The statute of limitations bars any actions alleged in Plaintiff's Original and First Amended Complaint that occurred prior to two years before the filing of Plaintiff's Original and First Amended Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

RESPECTFULLY SUBMITTED,

TROY KING
ATTORNEY GENERAL

SHARON E. FICQUETTE
ASSISTANT ATTORNEY GENERAL
STATE OF ALABAMA


s/ Jennifer M. Bush_____
JENNIFER M. BUSH (BUS016)
Assistant Attorney General

State of Alabama
Department of Human Resources
P.O. Box 304000
Montgomery, Alabama  36130-4000
Phone:  (334) 242-9330
Fax:  (334) 242-0689

ATTORNEYS FOR PAGE WALLEY

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2007, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing

to the following:

Keith Anderson Nelms
847 South McDonough Street
Montgomery, AL 36104

<div style="margin-left: 40%;">

s/ Jennifer M. Bush_____
JENNIFER M. BUSH (BUS016)
Assistant Attorney General

State of Alabama
Department of Human Resources
P.O. Box 304000
Montgomery, Alabama  36130-4000
Phone:  (334) 242-9330
Fax:  (334) 242-0689

ATTORNEY FOR PAGE WALLEY

</div>