IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **TRACY WOOTEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No.: 2:07-cv-701-WKW |
| ) | |
| **PAGE WALLEY, Commissioner** ) | |
| **of the Alabama Department of** ) | |
| **Human Resources, in his official** ) | |
| **capacity,** ) | |
| ) | |
| **Defendant.** ) | |

**MOTION TO DISMISS,
OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

COMES NOW defendant Dr. Page Walley, Commissioner of the Alabama Department of Human Resources, in his official and individual capacities and moves this Honorable Court to dismiss this action in its entirety or, in the alternative, to grant summary judgment to Dr. Page Walley in his official and individual capacities. In support of his motion Defendant contemporaneously submits his affidavit and supporting brief.

1

RESPECTFULLY SUBMITTED,

TROY KING
ATTORNEY GENERAL

SHARON E. FICQUETTE
ASSISTANT ATTORNEY GENERAL
STATE OF ALABAMA

s/ Jennifer M. Bush_____
JENNIFER M. BUSH (BUS016)
Assistant Attorney General
State of Alabama
Department of Human Resources
P.O. Box 304000
Montgomery, Alabama  36130-4000
Phone:  (334) 242-9330
Fax:  (334) 242-0689
ATTORNEYS FOR PAGE WALLEY

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Keith Anderson Nelms
847 South McDonough Street
Montgomery, AL 36104

                                        s/ Jennifer M. Bush_____
                                        JENNIFER M. BUSH (BUS016)
                                        Assistant Attorney General

                                        State of Alabama
                                        Department of Human Resources
                                        P.O. Box 304000
                                        Montgomery, Alabama  36130-4000
                                        Phone:  (334) 242-9330
                                        Fax:  (334) 242-0689

                                        ATTORNEY FOR PAGE WALLEY

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TRACY WOOTEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 2:07-cv-701-WKW |
| ) | |
| PAGE WALLEY, Commissioner ) | |
| of the Alabama Department of ) | |
| Human Resources, in his official ) | |
| capacity, ) | |
| ) | |
| Defendant. ) | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS,
OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

COMES NOW defendant Dr. Page Walley, Commissioner of the Alabama Department of Human Resources, in his official and individual capacities, and submits the following brief in support of his motion to dismiss, or in the alternative for summary judgment.

**PLAINTIFFS' ALLEGATIONS**

Plaintiff alleges that her federal and state income tax returns were intercepted by DHR for the purposes of satisfying a child support arrearage owed by her husband, Rodney Wooten. Plaintiff alleges that she did not receive prior written notice from DHR, the State of Alabama Department of Revenue or the Internal Revenue Service that her taxes were to be intercepted. Plaintiff alleges that she contacted DHR several times in an attempt to obtain her income tax refund or to be given an administrative hearing to protest these intercepts. Plaintiff alleges that she was told by DHR that she would have to contact both the State of Alabama Department of Revenue and the Internal Revenue

1

Service in order to protest these intercepts. Plaintiff alleges that she was told both the State of Alabama Department of Revenue and the Internal Revenue Service that she would have to contact DHR to protest these intercepts. Plaintiff alleges that she has exhausted any and all avenues to obtain her income tax refunds including contacting DHR, the State of Alabama Department of Revenue and the Internal Revenue Service. Plaintiff further alleges that there is no provision in place for her to obtain an administrative hearing regarding the intercept of her income tax refunds.

Plaintiff claims that Defendant Walley failed and/or refused to implement policies and procedures to prevent violations of her rights. Plaintiff alleges that as a result she has been denied her right to due process of law. The Plaintiff's claim can be broken down into two components: (1) the failure to provide notice of the tax offset; and (2) the failure to implement policies and procedures to prevent due process violations.

### RULES 12(b)(6) AND 56(c) STANDARDS

Under Rule 12(b)(6), FED.R.CIV.P., dismissal of the complaint for failure to state a cause of action is appropriate when no construction of the factual allegations of the complaint will support the cause of action. *Marshall County Board of Education v. Marshall County Gas District*, 992 F.2d 1171, 1174 (11th Cir. 1993). The Court may dismiss the complaint only if it is clear that no relief could be granted under any set of facts in support of its claims. *Jackam v. Hospital Corp. of America Mideast, Ltd.*, 800 F.2d 1577, 1579 (11th Cir. 1986). It has been held that the consideration of "matters outside the pleading[s]" under Rule 12 triggers the summary judgment notice provision of Rule 56(c). *McBride v. Sharpe*, 25 F.3d 962, 968 (11th Cir. 1994).

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The party asking for summary judgment "bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

The movant can meet this burden by presenting evidence showing there is no dispute of material fact or by showing the nonmoving party has failed to present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23; *see* FED.R.CIV.P. 56(a) and (b). Once the moving party has met his burden, Rule 56(e) "requires the non-moving party to go beyond the pleadings and by…affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Celotex*, 477 U.S. at 324. The non-moving party need not present evidence in a form necessary for admission at trial; however, the non-movant may not merely rest on the pleadings. *Id.*

After a properly made motion has been properly responded to, the Court must grant summary judgment if there is no genuine issue of material fact and the moving

3

party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322.

## ARGUMENT

1. Defendant Dr. Page Walley testified in his affidavit that he has had absolutely no involvement in, or knowledge of, the interception of plaintiff's federal or state tax refund. Defendant Dr. Page Walley has had no substantive involvement in the content of procedures and policies for the interception of federal or state tax refunds. (Affidavit of Dr. Page Walley, Exhibit 1.) Dr. Page Walley further testified that at all times he acted within the line and scope of his employment, that he has not performed any actions or made any decisions with regard to the plaintiff's federal or state tax refund and that he has not violated any rules, regulations, policies, or procedures of the State of Alabama Department of Human Resources. (Affidavit of Dr. Page Walley, Exhibit 1.)

2. The Eleventh Amendment to the Constitution of the United States provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State." U.S.CONST. Am. XI. The Amendment also applies to suits in federal court against a state by its own citizens. *See Hans v. Louisiana*, 134 U.S. 1, 18-19, 10 S.Ct. 504, 33 L.Ed. 842 (1890). The protection provided to states by the Eleventh Amendment has been extended to protect state entities, *see Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) ("suit in which the State or one of its agencies or departments is

4

named as defendant is proscribed by the Eleventh Amendment…regardless of the relief sought"), and state officials in their official capacities, *see Kentucky v. Graham*, 473 U.S. 159, 166-167, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Essentially, the Eleventh Amendment creates a sovereign immunity for suit in federal court which the states enjoy unless it has been surrendered. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 266-267, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997) "[A]n assertion of Eleventh Amendment immunity must be resolved before a court may address the merits of the underlying claims." *Seaborne v. State of Florida Department of Corrections*, 143 F.3d 1405 (11th Cir. 1998).

3.     To ascertain whether an entity is an arm of the state, the Court must examine state law. *Brown v. East Central Health District*, 752 F.2d 615, 617 (11th Cir. 1985). By statute, the state and county Departments of Human Resources have sovereign immunity. ALA.CODE § 38-2-8 (1975); *Mitchell v. Davis*, 598 So.2d 801 (Ala. 1992) ("DHR and the BCDHR [Barbour County DHR], as State agencies, can assert the defense of absolute immunity from suit.").

4.     The Eleventh Amendment to the United States Constitution bars a suit against state officials when "the state is the real, substantial party in interest." *Ford Motor Company v. Department of Treasury (Ind.)*, 323 U.S. 459, 464, 469, 65 S.Ct. 347, 89 L.Ed. 389 (1945). Thus, "[t]he general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." *Hawaii v. Gordon*, 373 U.S. 57, 58, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963). Individuals are considered to be arms of the state where they act in their official capacities. *Louisiana Land & Exploration Co. v. State Mineral Board*, 229 F.2d 5 (5th Cir. 1956).

5

5. In dismissing claims brought against Department of Human Resources employees in their official capacities, in *Ross v. State of Alabama*, 893 F.Supp. 1545 (M.D.Ala. 1995), the court stated the principle of law as follows:

> Likewise, the court finds that the plaintiffs may not seek monetary relief from Jones and Parsons in their official capacities. In *Carr*, the Court of Appeals for the Eleventh Circuit held that "[l]awsuits against a state official in his or her official capacity are suits against the state when 'the state is the real substantial party in interest.'" 916 F.2d at 1524 (quoting *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984)). When a plaintiff seeks monetary relief from a state employee in his or her official capacity, as here, "the state is considered the real party in interest because an award of damages would be paid by the state." *Id.* (citation omitted). Based on the foregoing authority, the court finds that the § 1983 claims asserted against the Houston County DHR and Jones and Parsons in their official capacities are due to be dismissed.

*Ross*, 893 F.Supp. at 1550 (footnotes omitted).

6. In this case, the Plaintiff has sued defendant Dr. Page Walley in his official capacity as Commissioner of the Alabama Department of Human Resources and in his individual capacity. The Eleventh Amendment to the United States Constitution bars this suit against the Commissioner in his official capacity. Dr. Page Walley in his individual capacity has no involvement in, or knowledge of, the interception of plaintiff's federal or state tax offset and has had no substantive involvement in the content of procedures and policies for the interception of federal or state tax refunds. (Affidavit of Dr. Page Walley, Exhibit 1.) Dr. Page Walley is entitled to be have this case dismissed in its entirety.

WHEREFORE, THE ABOVE PREMISES CONSIDERED, defendant Dr. Page Walley respectfully requests that this Court:

6

(a) dismiss Plaintiff's complaint in its entirety; and,

(b) grant such other, further, and different relief as this Court may deem proper.

>RESPECTFULLY SUBMITTED,
>
>TROY KING
>ATTORNEY GENERAL
>
>SHARON E. FICQUETTE
>ASSISTANT ATTORNEY GENERAL
>STATE OF ALABAMA
>
>s/ Jennifer M. Bush_____
>JENNIFER M. BUSH (BUS016)
>Assistant Attorney General
>
>State of Alabama
>Department of Human Resources
>P.O. Box 304000
>Montgomery, Alabama  36130-4000
>Phone:  (334) 242-9330
>Fax:  (334) 242-0689
>ATTORNEYS FOR PAGE WALLEY

8

**CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Keith Anderson Nelms
847 South McDonough Street
Montgomery, AL 36104

        s/ Jennifer M. Bush_____
        JENNIFER M. BUSH (BUS016)
        Assistant Attorney General

        State of Alabama
        Department of Human Resources
        P.O. Box 304000
        Montgomery, Alabama  36130-4000
        Phone:  (334) 242-9330
        Fax:  (334) 242-0689

        ATTORNEY FOR PAGE WALLEY

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TRACY WOOTEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 2:07-cv-701-WKW |
| ) | |
| PAGE WALLEY, Commissioner ) | |
| of the Alabama Department of ) | |
| Human Resources, in his official ) | |
| capacity, ) | |
| ) | |
| Defendant. ) | |

**EVIDENTIARY MATERIALS IN SUPPORT OF MOTION TO DISMISS,
OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

COME NOW Defendant Dr. Page Walley, in his official capacity as Commissioner of the Alabama Department of Human Resources, and his individual capacity, by and through undersigned counsel, and, in support of his Motion to Dismiss, or in the alternative for Summary Judgment, filed contemporaneously herewith, submit to this Court the following:

1.  Affidavit of Dr. Page Walley.

RESPECTFULLY SUBMITTED,

TROY KING
ATTORNEY GENERAL

SHARON E. FICQUETTE
ASSISTANT ATTORNEY GENERAL
STATE OF ALABAMA


s/ Jennifer M. Bush
JENNIFER M. BUSH (BUS016)
Assistant Attorney General

State of Alabama
Department of Human Resources
P.O. Box 304000
Montgomery, Alabama  36130-4000
Phone:  (334) 242-9330
Fax:  (334) 242-0689

ATTORNEYS FOR PAGE WALLEY

**CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2008, I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system which will send notification of such filing to the following:

Keith Anderson Nelms
847 South McDonough Street
Montgomery, AL 36104

                                              s/ Jennifer M. Bush_____
                                              JENNIFER M. BUSH (BUS016)
                                              Assistant Attorney General

                                              State of Alabama
                                              Department of Human Resources
                                              P.O. Box 304000
                                              Montgomery, Alabama  36130-4000
                                              Phone:  (334) 242-9330
                                              Fax:  (334) 242-0689

                                              ATTORNEY FOR PAGE WALLEY

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TRACY WOOTEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 2:07-cv-00701-WKW |
| ) | |
| PAGE WALLEY, Commissioner ) | |
| of the Alabama Department of ) | |
| Human Resources, in both his ) | |
| individual and official capacities, ) | |
| ) | |
| Defendant. ) | |

## AFFIDAVIT OF DR. PAGE WALLEY

Before me, the undersigned authority, personally appeared Dr. Page Walley, who is known to me and who, having been first duly sworn, deposes and states as follows:

"My name is Dr. Page Walley, and I am a resident of Lee County, Alabama. I am employed by the Alabama Department of Human Resources as the Commissioner of the Department, and thereby serve as the chief executive officer of the Department. I have been employed in this capacity since January 1, 2004. I am over the age of 19 years and competent to testify as to the matters contained in this affidavit.

"I have read the Complaint filed against me by the Plaintiff. I have had absolutely no involvement in, or knowledge of, the interception of plaintiff's federal or state tax refund. I have had no substantive involvement in the content of procedures and policies for the interception of federal or state tax refunds.

"I have at all times acted within the line and scope of my employment. I have not performed any actions or made any decisions with regard to the plaintiff's federal or state tax

refund. I have not violated any rules, regulations, policies, or procedures of the State of Alabama Department of Human Resources."

_____
PAGE B. WALLEY, Ph.D.

FURTHER AFFIANT SAITH NOT

Sworn to and subscribed before me on this the ___7th___ day of ___January___, 20_08_.

_____
Notary Public, State at Large

My Commission Expires: __4/30/2011__

2