IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TRACY WOOTEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 2:07-CV-701-WKM |
| ) | |
| PAGE WALLEY, Commissioner ) | |
| of the Alabama Department of Human ) | |
| Resources, in his official capacity, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

COMES NOW Plaintiff Tracy Wooten, by and through her attorney of record, and moves this Honorable Court to deny Defendant's Motion for Summary Judgment. In support of her response, Plaintiff files contemporaneously herewith her Brief in Support of Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment.

**RESPECTFULLY SUBMITTED** on this the 12th day of May, 2008.

/s/ Andy Nelms
K. Anderson Nelms (NEL022)
847 South McDonough Street, Suite 100
Montgomery, Alabama 36104
Phone: (334) 263-7733
Fax:    (334) 832-4390
andynelms@andersonnelms.com
ASB-6972-E63K

OF COUNSEL:

ANDERSON NELMS & ASSOCIATES, LLC
847 South McDonough Street, Suite 100
Montgomery, Alabama 36104

**CERTIFICATE OF SERVICE**

      I hereby certify that I have on this the 12th day of May, 2008, served a true and accurate copy of the foregoing document, by electronically filing the same with the Clerk of the Court, which will send notification to the following party:

Jennifer M. Bush (BUS016)
Assistant Attorney General
State of Alabama
Department of Human Resources
P.O. Box 304000
Montgomery, Alabama 36130-4000
Phone: (334) 242-9330
Fax:    (334) 242-0689

                                              Of Counsel:
                                              /s/ Andy Nelms

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TRACY WOOTEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 2:07-CV-701-WKM |
| | ) |
| PAGE WALLEY, Commissioner | ) |
| of the Alabama Department of Human | ) |
| Resources, in his official capacity, | ) |
| | ) |
| Defendant. | ) |

**BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Plaintiff Tracy Wooten, by and through her attorney of record, moving this Honorable Court to deny Defendant's Motion for Summary Judgment, and in support of Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, filed contemporaneously herewith, submits the following:

## I. STATEMENT OF UNDISPUTED FACTS

1. Defendant Page Walley, as commissioner of the Alabama Department of Human Resources (hereinafter referred to as "DHR"), unlawfully intercepted, or caused the DHR to unlawfully intercept, Plaintiff's federal and state income tax refunds for the periods of 2005 and 2006 to satisfy alleged child support arrearage owed by her husband, Rodney Wooten. Plaintiff is neither a biological nor adoptive parent of the minor child for which the DHR intercepted such returns.

2. The Defendant, DHR, State of Alabama, and Internal Revenue Service (hereinafter referred to as "IRS") failed to properly notify Plaintiff of such income tax refund interceptions.

3.      On numerous occasions, Plaintiff contacted various individuals and/or representatives within the DHR in an attempt to obtain either her income tax refunds or an administrative hearing to protest such interceptions.

4.      The DHR, through its employees, agents, and/or representatives, advised Plaintiff that she must contact both the State of Alabama and the IRS to obtain her respective income tax refunds.

5.      Plaintiff repeatedly contacted both the State of Alabama and IRS however such efforts were unsuccessful in obtaining her intercepted income tax refunds.

6.      Plaintiff has exhausted any and all procedural avenues to obtain her income tax refunds, including, but not limited to, contacting the Defendant, DHR, State of Alabama, and IRS.

7.      The DHR has no administrative procedures in place to remediate a situation in which the spouse of a non-custodial parent can obtain improperly intercepted income tax returns.

8.      Defendant willfully and intentionally failed and/or refused to implement policies and procedures to prevent such unlawful violations of an Plaintiff's constitutional rights.

## II.  SUMMARY JUDGMENT STANDARD

According to Rule 56(c) of the *Federal Rules of Civil Procedure*, the burden is on the moving party to demonstrate that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" entitling the moving party to judgment as a matter of law.  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106

S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (*quoting* FED.R.CIV.P. 56(c)). However, there is no requirement that the moving party support its motion with evidentiary "materials *negating* the opponent's claim." *Id.* at 323 (emphasis in original).

If the moving party meets this burden, "the opposing party may not rely merely on allegations or denials in its own pleading" but rather must demonstrate "by affidavits or as otherwise provided in this rule" that there is a genuine issue for trial. FED.R.CIV.P. 56(e)(2). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.
set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

After plaintiff has properly responded to a motion for summary judgment, the court should render the judgment sought *only* if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. Likewise, all inferences as to witness credibility and the sufficiency of the evidence, which are within the purview of the jury, are to be drawn in the nonmoving party's favor. *Anderson*, 477 U.S. at 255.

## III.  ARGUMENT

Defendant Page Walley (hereinafter referred to as "Walley" or "Defendant") argues that, under the Eleventh Amendment to the United States Constitution, he is immune from suits "in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State." U.S.CONST. Am. XI.  In addition, Defendant argues that such protection provided to states by the Eleventh Amendment has been extended to protect state entities, *see Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100, 204 S.Ct. 900, 79 L.Ed.2d 67 (1984) ("suit in which the State or one of its agencies or departments is named as defendant is proscribed by the Eleventh Amendment ... regardless of the relief sought"), and state officials in their official capacities, *see Kentucky v. Graham*, 473 U.S. 159, 166-67, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

However, Defendant has failed to acknowledge the fact that state agencies, actors, and/or officials can be sued for prospective injunctive relief for ongoing violations of federal law.  The Eleventh Amendment bars suits against state officials in federal court seeking retrospective relief however it does not generally prohibit suits seeking only prospective injunctive or declaratory relief.  *See Green v. Mansour*, 474 U.S. 64, 68, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985).  Under the *Ex parte Young*[1] doctrine, the state officer against whom a suit is brought must have some connection with the enforcement of the act that is in continued violation of federal law; so long as there is such a connection, it is not necessary that the officer's enforcement duties be noted in the act.  *In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367 (2d Cir. 2005).  A state official who violates federal law is stripped of his official or representative character, and as such, the state cannot cloak the officer in its sovereign immunity under such circumstances.  *Ammend v.*

---

[1] 28 S.Ct. 441 (1908).

*BioPort, Inc.*, 322 F.Supp. 2d 848 (W.D. Mich. 2004). *"Young* has been focused on cases in which a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past, as well as on cases in which the relief against the state official directly ends the violation of federal law as opposed to cases in which that relief is intended indirectly to encourage compliance with federal law through deterrence or directly to meet third-party interests such as compensation." *Summit Medical Associates, P.C. v. Pryor*, 180 F.3d 1326 (11th Cir. 1999).

Defendant's entire argument is premised on the fact that he is immune from a suit in both his individual and official capacities under the doctrine of sovereign immunity. However, as our Supreme Court has long recognized, such immunity is abrogated in circumstances in which the state actor or official has committed a violation of federal law. Defendant's acts of failing to provide Plaintiff with the requisite due process and just compensation under the United States Constitution excepts him from the shield of sovereign immunity. Therefore, Plaintiff's claims against Defendant in his official and individual capacities are permissible and justiciable.

## IV.  CONCLUSION

For the reasons set forth herein, which demonstrate that genuine issues of material fact remain for trial, Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion to Dismiss or, in the alternative, Motion for Summary Judgment.

**RESPECTFULLY SUBMITTED** on this the 12th day of May, 2008.

/s/ Andy Nelms
K. Anderson Nelms (NEL022)
847 South McDonough Street, Suite 100
Montgomery, Alabama 36104
Phone: (334) 263-7733
Fax:    (334) 832-4390

andynelms@andersonnelms.com
ASB-6972-E63K

OF COUNSEL:

ANDERSON NELMS & ASSOCIATES, LLC
847 South McDonough Street, Suite 100
Montgomery, Alabama 36104

**CERTIFICATE OF SERVICE**

      I hereby certify that I have on this the 12th day of May, 2008, served a true and accurate copy of the foregoing document, by electronically filing the same with the Clerk of the Court, which will send notification to the following party:

Jennifer M. Bush (BUS016)
Assistant Attorney General
State of Alabama
Department of Human Resources
P.O. Box 304000
Montgomery, Alabama 36130-4000
Phone: (334) 242-9330
Fax:    (334) 242-0689

Of Counsel:
/s/ Andy Nelms