**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **TRACY WOOTEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 2:07-CV-701-WKM** |
| | ) | |
| **PAGE WALLEY, Commissioner** | ) | |
| **of the Alabama Department of** | ) | |
| **Human Resources, in his official** | ) | |
| **capacity,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>DEFENDANT'S REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT</u>**

COMES NOW Defendant Dr. Page Walley, Commissioner of the Alabama Department of Human Resources, in his official and individual capacities, by and through his undersigned counsel, and replies to plaintiff's response to his Motion for Summary Judgment as follows:

In her response in opposition to Commissioner Walley's motion for summary judgment, Ms. Wooten states "Defendant's entire argument is premised on the fact that he is immune from a suit in both his individual and official capacities under the doctrine of sovereign immunity." This statement is not true. Commissioner Walley propounded six grounds in support of his motion for summary judgment in addition to the defense of sovereign immunity set out in his motions to dismiss. Each one of those grounds alone applied to the facts of this case would support summary dismissal of this action.

In his motion for Summary Judgment Commissioner Walley first set out the legal basis for federal and state tax offset. Offset of state tax refunds by the Alabama Department of Revenue for the collection of child support arrears on behalf of DHR is mandated under federal law at 42 U.S.C. 666 (a)(3)(A) and outlined in Ala. Code 1975 § 40-18-100 through 110 and the Alabama Administrative Code at r. 660-3-6-.03. Federal tax offset is mandated by 42 U.S.C.A. § 652 and the Code of Federal Regulations at 45 C.F.R. § 303.6. The procedure to be followed for federal tax offset is outlined in 42 U.S.C.A. § 664. DHR's policy and procedures follow these requirements.

### NOTICES

When DHR offsets joint federal and/or state income tax refunds, non-custodial parents and their spouses receive two notices that their tax refund is to be offset. The first notice is sent by DHR prior to the tax offset. The second is sent by the taxing authority after the tax offset occurs. (See affidavit of Janice Grubbs, Exhibit 2, Pages 2-4, Attachments B and C) Both pre and post-offset notices provide information to the spouse of the non-custodial parent informing them how to contest the tax offset. Additionally, information about tax offset is available to the general public in federal and state statute and regulations.

Commissioner Walley meets the established criteria of *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950) in that all forms of the notices are "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane,* 339 U.S. 306, 314.

## ADMINISTRATIVE HEARING PROCEDURE

DHR has a tax specific administrative hearing procedure that is available both prior to tax offset and after tax offset.  (See Affidavit of Janice Grubbs, Exhibit 2, Page 2 and Attachment A.)   In addition to tax specific contest procedures, DHR also has a general administrative hearing policy that consists of three levels of review - informal review by the caseworker, review by the county supervisor or a state level administrative hearing before the administrative hearing officer.  (See Affidavit of Clifford Smith, Exhibit 3, Page 2.)   These procedures are published in DHR policy, the Alabama Administrative Code and the Alabama Code.  (See Affidavit of Janice Grubbs, Exhibit 2, Pages 2, 5 and 6, and Affidavit of Clifford Smith, Exhibit 3, Page 2 and 3.)

To succeed on a procedural due process claim under § 1983, a plaintiff must establish "(1) a constitutionally protected interest in life, liberty, or property; (2) governmental deprivation of that interest; and (3) the constitutional inadequacy of procedures accompanying the deprivation." *Bank of Jackson County v. Cherry*, 980 F.2d 1354, 1357 (11th Cir. 1992); *see also Zipperer v. City of Fort Myers*, 41 F.3d 619, 623 (11th Cir. 1995).  "Failure to establish any one of these elements is fatal to [the] due process claim." *Bank of Jackson County*, 980 F.2d at 1357.  Plaintiff cannot prove the third element of "the constitutional inadequacy of procedures accompanying the deprivation."   In this case there are constitutional adequate notice and due process procedures accompanying the tax refund offset.  Plaintiff's failure to engage in those procedures does not make them inadequate.

## PLAINTIFF FAILED TO TAKE ADVANTAGE
## OF AVAILABLE COMPLAINT PROCEDURES

In her complaint, plaintiff alleges that her portion of the jointly filed income tax refund was offset without notice to her and without an adequate complaint procedure. Plaintiff's joint 2005 State tax refund was the only refund not returned by DHR.  (See Affidavit of Ke'Asha Howard, Exhibit 1, Page 2.)  On July 31, 2006, DHR received the plaintiff's joint state joint tax refund for tax year 2005 in the amount of $1,109.  Plaintiff did not contest the tax offset within thirty days as required by Ala. Code 1975 § 40-18-103(c).  DHR received no communication contesting the tax offset until almost six months after the joint 2005 State tax refund was offset.  (See Affidavit of Ke'Asha Howard, Exhibit 1, Page 2.)  Therefore the plaintiff waived her right to the return of that tax refund.  On April 10, 2007, the entire $390 offset from the plaintiff's joint 2006 State tax refund was returned to the Wootens.  (Affidavit of Ke'Asha Howard, Exhibit 1, Page 3.)

If adequate state remedies were available but the plaintiff failed to take advantage of them, the plaintiff cannot rely on that failure to claim that the state deprived him of procedural due process.  *See McKinney*, 20 F.3d at 1565 ("The fact that [McKinney] failed to avail himself of the full procedures provided by state law…does not constitute a sign of their inadequacy."); *Bell v. City of Demopolis, Ala.*, 86 F.3d 191, 192 (11th Cir. 1996); *Narey v. Dean*, 32 F.3d 1521, 1528 (11th Cir. 1994).   Based upon the above plaintiff has no standing to bring this action.

### TITLE IV-D OF THE SOCIAL SECURITY ACT DOES NOT CREATE A
### FEDERALLY ENFORCED RIGHT

In three recent opinions on private actions to enforce spending legislation, the United States Supreme Court has held that the statutes Title IV-D and similar federal spending legislation did *not* confer enforceable rights on the private plaintiffs. Those cases are *Suter v. Artist M.*, 503 U.S. 347, 112 S.Ct. 1360, 118 L.Ed.2d 1 (1992), *Blessing v. Freestone*, 520 U.S. 329, 117 S.Ct. 1353, 137 L.Ed.2d 569 (1997), and *Gonzaga University v. Doe*, 536 U.S. 273, 122 S.Ct. 2268, 153 L.Ed.2d 309 (2002). In *31 Foster Children v. Bush,* 329 F.3d 1255 (11th Cir.2003) the Eleventh Circuit has further explained that, with Spending-Clause legislation Congress must "clearly" and "unambiguously" express its intent to confer individual rights in order for the statute to be enforceable. Congress did not create an unambiguous conferred right in Title IV-D as decided in *Walters v. Weiss*, 392 F.3d 306 (8th Cir. 2004) and in *Arrington v. Helms,* 438 F.3d 1336 (C.A.11 2006).

Title IV-D of the Social Security Act, like Title IV-B and Title IV-E, does not contain an individual enforcement mechanism but instead grants the Secretary authority to implement corrective action and withhold federal funds. Congress has not spoken with a "clear voice" on the matter to create an enforceable right, therefore, a finding cannot be made that Congress intended to create a private right of action. Plaintiff has no cause of action.

### THE STATUTE OF LIMITATIONS BARS ANY CLAIMS
### FOR THE 2005 TAX OFFSET

The statute of limitations for § 1983 suits is the general personal injury limitation for the forum state. "Because Congress has not specified a limitations period for section

1983 suits, in such cases "federal courts borrow the forum state's general personal injury limitations period." *Piotrowski v. City of Houston,* 51 F.3d 512, 514 n. 5 (5th Cir.1995). Per Ala. Code 1975 § 6-2-38 (l) "All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."

The complaint in this case was filed August 2, 2007. Only the 2005 joint tax refund was offset and retained by DHR and forwarded to the custodial parent. (Affidavit of Ke'Asha Howard, Exhibit 1, Page 2 and Attachment A.) DHR received that 2005 tax refund offset on July 31, 2006. (Affidavit of Ke'Asha Howard, Exhibit 1, Page 2 and Attachment A.) Plaintiff knew prior to July 31, 2006, that her 2005 joint tax refund had been offset. Therefore a two year statute of limitations prevents suit for the offset of the 2005 tax refund offset. Based upon the above the statute of limitations bars any recovery for the 2005 tax refund offset.

### THE FIFTH AMENDMENT DOES NOT APPLY TO STATE GOVERNMENT

Count One of the plaintiff's complaint alleges a violation of civil rights under 42 U.S.C. § 1983 by and through the Fifth Amendment of the United States Constitution. The Fifth Amendment does not apply to state governments but only to federal governments. As the federal government is not a party to this case, Count One is due to be dismissed. Our Supreme Court has stated:

> The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without "due process of law."

*San Francisco Arts & Athletics, Inc. v. U.S. Olympic Committee*, 483 U.S. 522, 543, 107 S.Ct. 2971, 2984 (U.S.Cal.1987).

## CONCLUSION

Rule 56(e) of the Federal rules of Civil Procedure "requires the nonmoving party to go beyond the pleadings and his or her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)  The nonmoving party need not present evidence in a form necessary for admission at trial; however, she may not merely rest on her pleadings. *Celotex*, 477 U.S. at 324.  "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.  (quoting FED.R.CIV.P. 56(c)).

Plaintiff's response in opposition to Commissioner Walley's motion for summary judgment relies only upon her pleadings and fails to prove there is a genuine issue for trial.  This Court should grant summary judgment in favor of the DHR Commissioner in his official and individual capacities.

RESPECTFULLY SUBMITTED,

TROY KING
ATTORNEY GENERAL

SHARON E. FICQUETTE
ASSISTANT ATTORNEY GENERAL
STATE OF ALABAMA

s/ Jennifer M. Bush
JENNIFER M. BUSH (BUS016)
Assistant Attorney General
State of Alabama
Department of Human Resources
P.O. Box 304000
Montgomery, Alabama  36130-4000
Jennifer. Bush@dhr.alabama.gov
Phone:  (334) 242-9330
Fax:  (334) 242-0689
ATTORNEYS FOR PAGE WALLEY

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2008, I electronically filed the foregoing with the Clerk

of the Court using the CM/ECF system which will send notification of such filing to the

following:

Keith Anderson Nelms
847 South McDonough Street
Montgomery, AL 36104

s/ Jennifer M. Bush
JENNIFER M. BUSH (BUS016)
Assistant Attorney General

State of Alabama
Department of Human Resources
P.O. Box 304000
Montgomery, Alabama  36130-4000
Phone:  (334) 242-9330
Fax:  (334) 242-0689
Jennifer.Bush@dhr.alabama.gov
ATTORNEY FOR PAGE WALLEY